UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"(1)** |
| **SEAN D. ALFORTISH**, *et al.* | * | |

\* \* \*

## GOVERNMENT'S RESPONSE TO LEON M. PARKER'S MOTION TO DECLARE CASE COMPLEX, MOTION FOR THE APPOINTMENT OF SECOND COUNSEL, AND OBJECTION TO PROPOSED JOINT SCHEDULING ORDER

The United States of America, through the undersigned attorneys, hereby responds to Leon M. Parker's Motion to Declare Case Complex, Motion for the Appointment of Second Counsel, and Objection to the Proposed Joint Scheduling Order. *See* Rec. Doc. 223. Because the Court has already found that this case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii), Parker's motion to declare the case complex should be denied as moot. For the reasons below, the government opposes Parker's request for a second attorney to represent him, and it requests that the Court overrule Parker's objection to the proposed scheduling order.

First, in its order continuing trial in this case until September 8, 2025, the Court found, "pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) . . . that this case is complex due to the fact that there are 11 defendants, two of which have pled guilty, and there are allegations of witness tampering, obstruction of justice, mail and wire fraud, and causing death of a witness by use of a firearm." Rec. Doc. 208, pp. 5-6. Accordingly, Parker's request that the Court declare this case complex, *see* Rec. Doc. 223-1, pp. 4-7, should be denied as moot.

Second, although this is a complex case due to the amount of discovery and number of defendants, Parker's request for a second attorney to represent him should be denied. Because Parker has not been charged with a capital offense, he is not entitled to a second attorney under

18 U.S.C. § 3005, which applies to counsel and witnesses in capital cases.[1] Instead, Parker relies on guidelines related to the Criminal Justice Act, as well as the Eastern District of Louisiana's Plan for Providing CJA Services. *See* Rec. Doc. 223-1, pp. 5-6. Parker also cites to cases from other sections of this Court where defendants were appointed two attorneys. *See* Rec. Doc. 223-1, p. 7 (citing *United States v. McMillan*, E.D. La. Crim A. No. 07-169; *United States v. Guyton*, E.D. La. Crim. A. No. 11-271; *United States v. Age*, E.D. La. No. 16-32).

"The Guide to Judicial Policy issued by the Administrative Office of the United States Court contemplates that a defendant might request the appointment of an 'additional attorney,' but suggests that such appointment is available only in 'extremely difficult case[s] . . . [and] in the interest of justice.'" *United States v. Duke*, No. 17-20733, 2019 WL 1571192, at *2 (E.D. Mich. Apr. 11, 2019) (quoting 7 Guide to Judiciary Policy § 230.53.20) (quotation marks and brackets in original). "As most federal cases are not simple, appointment of a second attorney in a non-capital matter is necessarily limited to extremely difficult cases." *Id.*

"[A]ppointments of more than one attorney to a criminal defendant in a non-capital case must not be freely given." *United States v. Williams*, No. 15-07-4 (BAH), 2016 WL 471263, at *2 (D.D.C. Feb. 5, 2016). "Otherwise . . . the supplementation of assigned counsel may become an opportunity for independent contracting beyond the scope of the CJA." *Id.* (quotation marks and brackets omitted). "[U]nlike a defendant's right to spend his own money *ad infinitum* on

---

[1] As the government has explained, it intends to seek a superseding indictment against Parker and codefendant Sean D. Alfortish for their roles in the murder of cooperating witness Cornelius Garrison. The superseding indictment will likely include offenses that are capital eligible and thus, under Department of Justice policy, require consultation with the Department of Justice's Capital Case Section. *See* JM 9-10.040, available at https://www.justice.gov/jm/jm-9-10000-capital-crimes#9-10.040. The ultimate authority on whether to seek the death penalty lies with the Attorney General, and confidentiality policies prohibit the government from disclosing recommendations from any offices involved in the decision-making process. *See* JM 9-10.050, available at https://www.justice.gov/jm/jm-9-10000-capital-crimes#9-10.050. Because there has not yet been a final decision, it would be premature to assume that Parker and Alfortish will be facing capital charges.

counsel of his choosing, the right to court-appointed counsel is geared toward the goal of ensuring constitutionally *adequate* representation." *United States v. Clark*, 717 F.3d 790, 811-12 (10th Cir. 2013) (citation omitted) (emphasis in original). "Thus, to obtain CJA funding, a defendant 'must do more than allege that [the requested] services would be helpful"; rather, he 'must convince the Court that the requested services are necessary to an adequate defense.'" *United States v. Robinson*, No. 16-CR-545 (SJF)(AYS), 2021 WL 62076, at *16 (E.D.N.Y. Jan. 6, 2021) (quoting *Clark*, 717 F.3d at 811) (brackets in original).

Here, the indictment alleges Parker's participation in a staged collision on January 17, 2016; a second staged collision on January 10, 2017; and a third staged collision on December 22, 2021. Rec. Doc. 78, pp. 14-16. The indictment describes 19 additional staged collisions that do not involve Parker, as well as a number of allegations involving instances of witness tampering and obstruction of justice that likewise apply only to Parker's codefendants. The fraud related to Parker's three staged collisions was not complicated: One involved crashing an automobile into an 18-wheeler tractor-trailer and filing a fraudulent lawsuit, while the other two involved crashing automobiles into each other and filing fraudulent insurance claims. Thus, although discovery in this case involves a voluminous number of documents, only a small subset of those documents applies to Parker. This will still be true even if Parker is added to the counts involving Garrison's murder—using basic search terms, Parker can limit his review of the discovery to only those documents that impact him and exclude documents related to, for example, codefendant Diaminike Stalbert's staged collision on September 6, 2017. *See* Rec. Doc. 78, p. 15. Parker has not demonstrated that this is an "extremely difficult case" requiring further expenditure of valuable CJA funds to provide him with an adequate defense. *See Clark*, 717 F.3d at 811-12; *Duke*, 2019 WL 1571192, at *2.

The other cases from this district that Parker cites are unhelpful. For example, the defendants in *Age* were indicted with special findings that would have allowed for the death penalty had the government not later decided against seeking it. *See Age*, E.D. La. Crim. A. No. 16-32, Doc. 52, pp. 13-16 (Notice of Special Findings citing 18 U.S.C. § 3591, which applies to sentences of death); Doc. 214 (Notice of Intent Not to Seek the Death Penalty). Thus, unlike Parker, they were entitled to additional counsel under 18 U.S.C. § 3005. In *McMillan*, one of the defendant's attorneys requested appointment of additional counsel from a different firm, which Judge Fallon granted. *See McMillan*, E.D. La. Crim. A. No. 07-169, Docs. 69 & 72. But the charges in that case involved a substantially more complicated HMO fraud and a novel legal issue concerning the government's theory of loss under *Cleveland v. United States*, 531 U.S. 12 (2000). *See United States v. McMillan*, 600 F.3d 434, 441-43 (5th Cir. 2010) (summarizing evidence and proceedings before district court). In *Guyton*, a drug trafficking case involving the transportation of heroin from Houston to New Orleans, one of the defendant's attorneys requested appointment of additional counsel from the *same* firm, which Judge Milazzo granted. *See Guyton*, E.D. La. Crim. A. No. 11-271, Docs. 153 & 155; *see also United States v. Haines*, 803 F.3d 713, 719-26 (5th Cir. 2015) (summarizing evidence and proceedings before district court). However, Judge Milazzo's order did not provide any reasons explaining why the case was "extremely difficult" such that an additional attorney was necessary. *See Guyton*, E.D. La. Crim. A. No. 11-271, Doc. 155. These cases are inapposite, and Parker's request for a second attorney should be denied.

Finally, Parker's objection to the proposed scheduling order should be overruled. The government took the issues Parker raises into account when it proposed the trial date of September 8, 2025. Moreover, the government has been up-front about the charges it intends to

4

seek in the superseding indictment, meaning that Parker does not need to wait for the superseding indictment to be filed to begin preparing his defense. The proposed scheduling order affords all parties and the Court reasonable time to address any issues, and it should be granted.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY


/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
BRIAN M. KLEBBA
MARY KATHERINE KAUFMAN
Assistant United States Attorneys
J. RYAN McLAREN
Trial Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
Assistant United States Attorney