UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER: 24-105 |
| LEON PARKER, ET AL. | * | SECT. D (1) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY TO GOVERNMENT'S OPPOSITION TO LEON PARKER'S MOTION TO DECLARE CASE COMPLEX AND FOR THE APPOINTMENT OF SECOND COUNSEL FOR DEFENDANT LEON PARKER, AND OBJECTION TO ENTRY OF PROPOSED JOINT SCHEDULING ORDER BASED ON SEPTEMBER 8, 2025 TRIAL DATE**

NOW COMES the Defendant, Leon Parker, through counsel, and hereby files this Reply Memorandum in response to the Government's Opposition to Mr. Parker's *Motion to Declare Case Complex and for the Appointment of Second Counsel, and Objection to Entry of Proposed Scheduling Order*.

1.  **Complex Case Designation**

As the Government notes in its Opposition, the Court, the Government, and Mr. Parker all agree that this is a complex case under the Speedy Trial Act. That has become even more apparent since Mr. Parker filed his original Motion: The Government has now produced over **2.5 million pages** of Bates numbered materials to the Defendants and, as the Court stated, "the case involves eleven defendants, two of which have pled guilty, and there are allegations of witness tampering, obstruction of justice, mail and wire fraud, and causing death of a witness by use of a firearm."

In addition to acknowledging that the case is complex under the Speedy Trial Act, Mr. Parker also requests that the Court find that this is a complex case under the Criminal Justice Act

1

and the Eastern District of Louisiana CJA Plan.  Such a finding will permit case budgeting over the presumptive case compensation maximums as well as interim billing by defense counsel.

    2.  **<u>Appointment of Second Counsel</u>**

    Mr. Parker submits that the need for and appropriateness of appointing a second counsel to represent him under the CJA plan is clear.  As noted, the Government has now produced over 2.5 million Bates numbered items to defense counsel.  Contrary to the Government's suggestion, managing and analyzing such a staggering amount of information is not a simple task.  Although experience suggests that most of the discovery documents probably will not apply to Mr. Parker, it is still necessary for the defense to understand what has been produced and to hunt for the proverbial "needles in the haystack" that will be relevant to his defense.  And of course, Mr. Parker cannot rely on the Government to identify the relevant documents for him.  Often, it is the documents and/or facts that the Government believes are irrelevant or inconsequential that prove to be the most important for the defense.

    Additionally, since filing the original Motion seeking appointment of a second defense attorney, undersigned counsel has spoken to the CJA panel administrator at the Federal Public Defender's Office for the Eastern District of Louisiana.  It is the position of the Federal Public Defender Office that appointment of second counsel for Mr. Parker is appropriate given the complexity and difficulty of this case.

    Furthermore, undersigned counsel has identified a significant number of other non-capital cases in the Eastern District in which the Court appointed two counsel to represent the defendant based on the complexity and difficulty of the case.  Those cases are:

- *United States v. Robert Faulcon*- EDLA 10-cr-0204

- *United States v. Gregory Stewart*- EDLA 11-cr-0107

- *United States v. Walter Porter* – EDLA 12-cr-0001; EDLA 12-cr-0198; EDLA 13-cr-0066

- *United States v. Gregory Denson-* EDLA 15-cr-012

- *United States v. Morgan Burl-* EDLA 19-cr-0146

- *United States v. Samuel Morton et al.-* EDLA 19-cr-204 (two counsel appointed for multiple different defendants)

- *United States v. Rudy Jackson Hernandez-* EDLA 22-cr-77

Like these other cases, this case is exceedingly complex, and Mr. Parker will be facing life in prison or the possibility of a death sentence once the Government files the superseding indictment it has promised against him. Appointment of a second counsel for a case like this is clearly in line with the practice in the Eastern District of Louisiana over the past fifteen years, and Mr. Parker submits that it is appropriate for his case as well.

### 3. <u>Objection to Scheduling Order based on September 8, 2025, Trial Date.</u>

Mr. Parker maintains his objection to the September 8, 2025, trial date and the Proposed Scheduling Order based on that date. The impossibility of providing adequate representation to Mr. Parker within that timeframe has only grown more apparent as the Government continues to produce discovery to the defendants. Although counsel is working diligently on this case, substantial additional time and resources will be required to provide Mr. Parker with the constitutionally effective defense to which he is entitled.

For these reasons and those stated in his original Motion, Mr. Parker requests that this Court declare that this case is complex under both the Speedy Trial Act and the Criminal Justice Act, appoint a second counsel to represent him, and decline to enter a scheduling order based on a September 8, 2025, trial date.

Respectfully submitted:

/s/ Stephen J. Haedicke
**STEPHEN J. HAEDICKE** (Bar Roll No. 30537)
Law Office of Stephen J. Haedicke, LLC
1040 Saint Ferdinand St.
New Orleans, LA  70117
(504)291-6990 Telephone
(504)291-6998 Fax
Stephen@haedickelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

/s/ Stephen J. Haedicke