UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105 |
| RYAN HARRIS, ET AL. | SECTION: D (1) |
| | This Order pertains to: |
| | LEON PARKER |

### ORDER

Before the Court is a Motion to Declare Case Complex and for the Appointment of Second Counsel for Defendant Leon Parker, and Objection to Entry of Proposed Joint Scheduling Order Based on September 8, 2025 Trial Date, filed by defendant, Leon Parker. (R. Doc. 223). The Government opposes the Motion (R. Doc. 231), Parker has filed a Reply (R. Doc. 238), and the Court allowed the Government to file a Surreply (R. Doc. 245). The Motion was deemed submitted on the briefs at 1:30 p.m. on April 15, 2025 (R. Doc. 235), and is therefore ripe for review.

In the Motion, Parker asks this Court to: (1) declare this a complex case under the Speedy Trial Act and the Criminal Justice Act; (2) appoint Parker a second defense counsel under the Criminal Justice Act based upon a forthcoming superseding indictment; and (3) suspend its requirement that Parker agree to a proposed joint scheduling order based upon the current September 8, 2025 trial date. Parker makes clear that the basis of his Motion is the Government's stated intent to file a superseding indictment charging Parker with an offense that could carry the death penalty which, at the time of the Motion, the Government had not yet filed. In response, the Government argues that the Motion should be denied, in part, as moot

because the Court has already determined that this is a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii) (*See* R. Doc. 208). The Government further asserts that the Court should deny Parker's request for a second attorney because he has not yet been charged with a capital offense, and that the Court should overrule Parker's objection to the proposed scheduling order because the Government took Parker's concerns into account when it proposed the trial date of September 8, 2025. In his Reply brief, Parker reiterates the arguments made in his Motion and cites seven cases where other Sections of this court have purportedly appointed two attorneys to represent a defendant in a non-capital case. (R. Doc. 238 at pp. 2–3). The Government, in its Surreply brief, argues that five of the cases cited by Parker were charged as death penalty eligible and, as such, the defendants were entitled to additional counsel, and further asserts that it is unclear why additional counsel was appointed in the remaining two cases, which were non-capital. (R. Doc. 245 at pp. 1–2). As such, the Government maintains that Parker's Motion should be denied.

On Friday, April 25, 2025, after Parker's Motion was fully briefed and deemed submitted, the Government filed a Second Superseding Indictment charging Parker with, among other things, conspiracy to commit witness tampering through murder, witness tampering through murder, conspiracy to retaliate against a witness through murder, retaliation against a witness through murder, and causing death through use of a firearm. (R. Doc. 256 at pp. 20–23). Because the arguments asserted in Parker's Motion are based upon the Superseding Indictment filed on December 6, 2024 (R. Doc. 78) and a not-yet-filed superseding indictment that has since been filed

(R. Doc. 256), the Court finds that Parker's requests for this Court to declare the case complex under the Speedy Trial Act and the Criminal Justice Act and to appoint second counsel to represent Parker are now moot.[1]

To the extent that Parker objects to the entry of a proposed joint scheduling order based on the current September 8, 2025 trial date, that argument is also moot because the Government subsequently filed a proposed scheduling order based upon a September 8, 2025 trial date on March 27, 2025. (R. Doc. 225). The Court notes that the proposed scheduling order filed by the Government contains footnotes detailing the objections lodged by various defendants, including Parker's objection to a September 8, 2025 trial date. (R. Doc. 225 at p. 1, n.1). The Court further points out that it has not yet issued a scheduling order in this matter and that it will resolve Parker's objections, as well as the objections lodged by other defendants, when a scheduling order is issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Declare Case Complex and for the Appointment of Second Counsel for Defendant Leon Parker, and Objection to Entry of Proposed Joint Scheduling Order Based on September 8, 2025 Trial Date, filed by defendant, Leon Parker (R. Doc. 223) is **DENIED as moot.**

New Orleans, Louisiana, May 1, 2025.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[1] To the extent that Parker maintains the arguments in his Motion as to the Second Superseding Indictment, he may file another motion if appropriate. This Order is entered without prejudice.